UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


JAMES HART                                CIVIL ACTION

VERSUS                                    NO: 10-990

KEITH DEVILLE, WARDEN                     SECTION: R


### ORDER AND REASONS

Before the Court is James Hart's petition for federal habeas corpus relief under 28 U.S.C. § 2254.[1]  As grounds for relief, Hart claims that he was denied effective assistance of counsel and that his guilty plea was not knowing and voluntary.  Upon a review of the record, the Court finds that Hart's petition was untimely filed.  Accordingly, the petition is DENIED WITH PREJUDICE.


**I.    PROCEDURAL HISTORY**

Hart is an inmate at the Rayburn Correctional Center in Angie, Louisiana.[2]  He is serving a sentence of 10 years imprisonment imposed by the Orleans Parish Criminal District Court on June 1, 2007 after he pleaded guilty to manslaughter

---

[1]    (R. Doc. 9.)

[2]    (R. Doc. 10.)

under La. Rev. Stat. § 14:31.[3]  Hart contends that his trial attorney failed to advise him of the consequences of his guilty plea.[4]  Hart claims that, when he entered his plea, he believed that he would be eligible to receive a diminution of his sentence for good behavior under La. Rev. Stat § 15:571.3.[5]  Hart, however, is ineligible for a sentence diminution because manslaughter is a crime of violence under La. Rev. Stat. § 14:2(B).  Hart claims to have first learned of his ineligibility when he arrived at the state correctional center on August 13, 2007.[6]

On November 27, 2007, Hart petitioned the Louisiana Fourth Circuit Court of Appeal for a writ of mandamus seeking to compel the district court to provide him with a transcript of his *Boykin*[7] colloquy.[8]  On January 27, 2008, the Fourth Circuit Court of Appeal granted the writ and ordered the district court to provide the transcript within 60 days of the order.[9]  Hart

---

[3]   (R. Doc. 9 at 19-28.)

[4]   (*Id.* at 10-11.)

[5]   (*Id.*)

[6]   (*Id.* at 7.)

[7]   *Boykin v. Alabama*, 395 U.S. 238 (1969)

[8]   (State Ct. Rec. Vol. 2.)

[9]   (*Id.*)

received the transcript on February 15, 2008.[10]

According to Hart, he filed an application for post-
conviction relief in the state district court in October 2008
raising claims of ineffective assistance of counsel and an
unintelligent entry of his guilty plea.[11]  The district court
denied his application on December 8, 2008, concluding that
Hart's claims were not supported by the record.[12]  Hart filed an
application for supervisory writs in the Fourth Circuit Court of
Appeal on February 12, 2009.[13]  On March 16, 2009, the Fourth
Circuit Court of Appeal denied relief, finding no error in the
district court's December 8, 2008 judgment.[14]  Hart then sought
review in the Louisiana Supreme Court, which denied Hart's
application on February 5, 2010.[15]

Hart placed the instant petition for federal habeas corpus

---

[10]    (R. Doc. 9 at 18.)

[11]    (*Id.* at 9.)  Hart's application for post-conviction
relief to the district court is not contained in the state
court's records.  Yet, the Fourth Circuit Court of Appeal
confirmed in its procedural history of this case that the
application was filed in October 2008.

[12]    (State Ct. Rec. Vol. 2.)

[13]    (*Id.*)

[14]    (*Id.*)

[15]    (*Id.*)

3

review under 28 U.S.C. § 2254 in the prison mail system on March 20, 2010.[16]

## II.   TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254.  This one-year period generally commences to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Hart's conviction became final on July 1, 2007, when the period expired for him to file a direct appeal with the Louisiana Fourth Circuit Court of Appeal.  *See* La. C. Cr. P. art. 914 (stating that, unless a motion to reconsider sentence is filed, a motion for an appeal must be made no later than 30 days after the rendition of the ruling from which the appeal is taken); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (explaining that, if a petitioner does not pursue direct appeal to the state's highest court, "the conviction becomes final when the time for seeking further direct review in the state court expires").  Hart therefore had until July 1, 2008 to file his

---

[16]     (R. Doc. 9 at 88.)

4

federal habeas petition, which he did not do.  Accordingly,
Hart's petition must be denied as untimely unless the one-year
statute of limitations period was extended through tolling.

The United States Supreme Court has held that the one-year
statute of limitations period in § 2254(d)(1) may be equitably
tolled when the petitioner has pursued his rights diligently and
rare or extraordinary circumstances exist that prevented timely
filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Fisher v.
Johnson*, 174 F.3d 710, 713-15 (5th Cir. 1999), *cert. denied*, 531
U.S. 1164 (2001).  Equitable tolling is warranted only in
situations where the petitioner was actively misled or was
prevented in some extraordinary way from exercising his rights.
*Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 847-48
(5th Cir. 2002).

Hart contends he was unaware that he was ineligible for a
diminution of his sentence for good behavior until he arrived at
the correctional facility on August 13, 2007.[17]  He argues that
the one-year limitations period should be equitably tolled until
February 15, 2008, the date on which he received the *Boykin*
transcript from the district court.[18]  A state court's delay in

---

[17]    (R. Doc. 9 at 7.)

[18]    (*Id.*)

furnishing petitioner with a transcript, however, does not establish a basis for equitable tolling. *Cade v. Miller*, 2005 WL 3541142, *3 (E.D. La. 2005) (rejecting petitioner's argument that the limitations period should be equitably tolled for the time in which he was waiting for his *Boykin* transcript) (citing *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (holding that the *Boykin* transcript was not required before petitioner could pursue post-conviction relief).  Moreover, Hart has not explained why the transcripts were necessary to pursue a challenge to his guilty plea.  And given that Hart attended the hearing and was aware what went on there, Hart could have pursued post-conviction relief without the benefit of the transcripts.  *See Cade*, 2005 WL 3541142 at *3.

Even if the Court used August 13, 2007 as the date on which the filing period began to run, Hart had until August 13, 2008 to file his federal habeas petition.  Yet, Hart did not place his federal habeas petition in the prison mail system until March 20, 2010,[19] well outside of the filing period.  Even though Hart filed an application for state post-conviction relief in October 2008, pleadings filed in state courts after the expiration of the

---

[19]    (R. Doc. 9 at 88.)

AEDPA filing period do not provide any tolling benefit.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Hart's petition was untimely filed, and it must be denied.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at

7

336.

Hart's petition does not satisfy these standards.  A petitioner must bring his section 2254 petition within one year of the date his conviction became final.  28 U.S.C. § 2244(d).  Here, the time to file expired before Hart sought either state or federal post-conviction relief.  Thus, his federal habeas corpus petition is time-barred, and the issue would not engender debate among reasonable jurists.


**IV.  CONCLUSION**

For the foregoing reasons, James Hart's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.


New Orleans, Louisiana, this 29th day of March, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE